On Rehearing.
We did give consideration to appellee's supplemental brief contending that we should not apply the amendment of June 28, 1943 to the year from April 1, 1943 to March 31, 1944, notwithstanding the Act expressly so declared and notwithstanding section 250, Title 26, Code, and directing our attention to administrative practice in reference to Act 527, approved September 2, 1949, making certain amendments to the provisions of that article of the Code not declaring expressly the year upon which it shall operate. We did not think such administrative construction material to the question we had and therefore did not refer to it. We are of the same opinion now. We are not construing Act 527, supra, and find no occasion to consider the administrative construction of it, assuming that we take judicial notice of such construction by the Department of Industrial Relations.
We cannot agree with appellee's contention as to the $100,000 provision. We understand his contention to be that there should be deducted the first $100,000 of any employer's total taxable payroll from such total payroll after ascertaining his average payroll in order to determine what his excess wage payroll is, so that the amount of the excess wage payroll will be thereby decreased in the sum of $100,000, if it is more than that or wiped out if it is less. But that is contrary to the plain unambiguous language of the law itself, which is, as we have said, that "no portion of the first hundred thousand dollars of any employer's total taxable payroll * * * shall be determined to be excess wages." It does not provide for the deduction to be made from the total taxable payroll in order to ascertain the amount of the excess wages, and provides no deduction from any sum whatsoever, but simply declares that the first $100,000 shall not be determined to be excess wages.
It is necessary therefore for us to deny the application for rehearing.
BROWN, LAWSON, and SIMPSON, JJ., concur.